# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-972V
Filed: March 1, 2016

| | |
|---|---|
| * * * * * * * * * * * * * | UNPUBLISHED |
| KRISTIN J. REGINELLI *and* | |
| DANIEL W. REGINELLI, *parents* | |
| *and natural guardians of* L.R., *a minor*, | |
| | Special Master Gowen |
| Petitioners, | |
| | Attorneys' Fees and Costs; |
| v. | Excessive Costs |
| | |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * | |

James B. Blumenstiel, Blumenstiel Falvo, LLC, Dublin, OH, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 3, 2015, the undersigned issued a Decision awarding petitioners compensation pursuant to the parties' stipulation. On December 9, 2015, petitioners filed an application for attorneys' fees and costs, requesting $15,025.50 in attorneys' fees and $1,925.41 in attorneys' costs. Petitioners' ("Pet'rs'") Application ("App.") at 2.

Petitioners filed a supplemental motion for attorneys' fees and costs on January 18, 2016, requesting an additional $3,842.50 in attorneys' fees for Randolph Knavel for his work establishing the guardianship account that will hold the settlement award for the benefit of L.R., until she reaches the age of majority. Pet'rs' Supplemental ("Supp.") App. at 2.

On February 22, 2016, petitioners filed a second supplemental motion for attorneys' fees and costs, with additional documentation of attorney James B. Blumenstiel's costs in relation to this matter. See Pet'rs' Second Supp. App., Tab A.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

For the reasons set forth below, the undersigned awards petitioners a total of **$20,443.70** in reimbursement for attorneys' fees and costs.

## I. Procedural History

On October 9, 2014, Kristen J. Reginelli and Daniel W. Reginelli ("petitioners"), parents and natural guardians of L.R., a minor, filed a petition pursuant to that National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving an influenza ("flu") vaccine on October 8, 2012, L.R. developed Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Petition at Preamble, ¶¶ 12, 16. Further, petitioners alleged that L.R. experienced residual effects of her injury for more than six months. See id. at ¶ 18. On November 2, 2015, the parties filed a stipulation stating that a decision should be entered awarding compensation. The undersigned issued a Decision pursuant to the parties' stipulation on November 3, 2015.

On December 9, 2015, petitioners filed an application for attorneys' fees and costs, requesting $15,025.50 in attorneys' fees and $1,925.41 in attorneys' costs. Pet'rs' App. at 2. In accordance with General Order #9, petitioners affirm that petitioners did not advance any litigation expenses in this matter. Id. Petitioners filed a supplemental motion for attorneys' fees and costs on January 18, 2016, requesting an additional $3,842.50 in attorneys' fees for Randolph Knavel for his work establishing the guardianship account that will hold the settlement award for the benefit of L.R., until she reaches the age of majority. Pet'rs' Supplemental App. at 2. Respondent did not file a response to petitioners' initial and supplemental applications for attorneys' fees and costs.

On February 22, 2016, petitioners filed a second supplemental application providing receipts documenting the attorneys' costs requested in the original December 9, 2015, application. See Pet'rs' Second Supp. App., Tab A. By email communication on March 1, 2016, respondent indicated that she defers to the special master to determine whether the fees and costs requested are reasonable.

## II. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioners were awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioners are entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

Petitioners have requested $15,025.50 in attorneys' fees for attorney Blumenstiel, representing 66.78 hours of work at a rate of $225.00 per hour, and respondent has not objected. Pet'rs' App. at 2. Mr. Blumenstiel has been practicing law since 1967, he has had several cases in the Vaccine Program to-date, and has forty-eight years of experience litigating personal injury cases. Pet'rs' App., Ex. 20 at ¶ 1; Pet'rs' App. at 2. In his affidavit, he states that his hourly rate of $225.00 is "below the standard hourly rate for attorneys in this community with similar years of experience." Pet'rs' App., Ex. 20 at ¶ 3. The undersigned finds $225.00 is a reasonable hourly rate for Mr. Blumenstiel in this matter. In addition, petitioners' application included an adequate log of the hours and dates of services performed on this case, and the undersignedfinds the number of hours expended reasonable. See Pet'rs' App., Ex. 21.

Petitioners have also requested $3,842.50 in attorneys' fees for attorney Knavel, representing 19.21 hours of work at a rate of $200.00 per hour, and respondent has not objected. See Pet'rs' Supp. App., Ex. A. Mr. Knavel states that his fee of $200.00 per hour does not exceed that customarily charged in Cuyahoga County, Ohio, for legal services relating to probate matters. Id. at 1. The undersigned finds $200.00 is a reasonable hourly rate for Mr. Knavel in this matter. Petitioners' application included an adequate log of the hours and dates of services performed by Mr. Knavel in establishing the guardianship in this case, and the undersigned finds the number of hours expended reasonable. Id. at 3-4.

Accordingly, as requested by petitioners, **the undersigned awards $15,025.50 in attorneys' fees for Mr. Blumenstiel, and $3,842.50 in attorneys' fees for Mr. Knavel**.

    b. Costs

Petitioners request $1,925.41 for attorneys' costs incurred by Mr. Blumenstiel.[3] Respondent did not object. Upon review, the undersigned finds most, but not all, of the requested costs reasonable.

The undersigned finds it reasonable to award costs for expenses associated with the litigation of this claim. Reasonable costs include the cost of obtaining medical records and an expert report, and expenses incurred while traveling in relation to this claim. Based on the attorneys' fees time sheet submitted, it appears that Mr. Blumenstiel traveled in relation to this claim on three occasions: December 12, 2013; May 29, 2014; and January 7 and 8, 2015. Costs associated with these trips will be awarded, with the exception of $21.00 spent on alcoholic beverages as part of a meal during the January, 2015, travel. See Pet'rs' Second Supp. App., Tab A at 21. The cost of alcoholic beverages is not reimbursable by the Program. See Macrelli v. Sec'y of Health & Human Servs., No. 98-103V, 2012 WL 229811, at *11 (Fed. Cl. Spec. Mstr. Jan. 30, 2002); Bhuiyan v. Sec'y of Health & Human Servs., No. 05-1269V, 2015 WL 2174208, at * 8 (Fed. Cl. Spec. Mstr. Apr. 16, 2015).

The undersigned finds that it is not reasonable to reimburse petitioners' counsel for the cost of meals and other miscellaneous expenses on typical work days, in the area where he normally works and resides. Furthermore, cross-referencing the submitted receipts with counsel's time log reveals that counsel is requesting reimbursement for meals during days and times that the time log does not show that counsel was working on the case. See, e.g., Pet'rs' Second Supp. App., Tab A at 1-3. These costs are personal expenses, and were not incurred as a result of work performed on this claim.

A review of the receipts submitted with petitioners' second supplemental application reveals $1,596.70 in reasonable costs, including the cost of obtaining medical records and an expert report, and travel expenses such as gasoline, tolls, meals, and lodging incurred while traveling in relation to this claim. Accordingly, **the undersigned awards $1,575.70 in attorneys' costs.**

### III. Conclusion

The undersigned awards a total of $20,443.70 in attorneys' fees and costs as follows:

> **(1) A lump sum of $16,601.20 in the form of a check payable jointly to petitioners and petitioners' counsel of record, James B. Blumenstiel, for attorneys' fees and costs.**

---

[3] Petitioners' initial application included an expense summary, but did not include supporting documentation. Petitioners filed a second supplemental application on February 22, 2016, providing receipts. The second supplemental application includes receipts for costs totaling $2,185.67, which petitioners note is slightly more than the $1,925.41 requested in the initial December 9, 2015, application. Pet'r's Second Supp. App. at 1. Petitioners state that they are not requesting reimbursement of the additional expenses. Id.

  **(2) A lump sum of $3,842.50 in the form of a check payable jointly to petitioners and petitioners' former counsel, Randolph Knavel, for attorneys' fees.**

  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[4]

  **IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.